IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY RAY DAILEY, #60533-080 | § | |
| VS. | § | CIVIL ACTION NO. 6:15cv1151 |
| K. PHILLIPS, ET. AL. | § | |

### MEMORANDUM OPINION ADOPTING THE REPORT OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Anthony Ray Dailey, a federal inmate confined at the Federal Correctional Institute in Beaumont, Texas, *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. He names several members of the Clerk's Office as Defendants. The case was referred to the United States Magistrate Judge, the Honorable Judge John D. Love.

In his complaint, Dailey asserted that he filed a motion to dismiss his federal indictment in June 2015— case number 6:04-cr-0067. A few weeks later, he contacted the Clerk's Office to check on the status of the motion to dismiss. A member of the Clerk's Office stated that "the motion never made it or it could not be located." Dailey then refiled it, subsequently speaking to another member of the Clerk's Office who allegedly lied by stating that "the motion could not be located." Based on these access-to-courts violations, Dailey sought monetary compensation.

On April 19, 2018, the United States Magistrate Judge issued a Report, (Dkt. #10), recommending that Dailey's complaint be dismissed, with prejudice for purposes of proceeding *in forma pauperis*—determining that his complaint was frivolous, malicious, and failed to state a claim upon which relief can be granted. Specifically, the United States Magistrate Judge found that the docket in Dailey's underlying federal criminal case, 6:04-cr-0067, shows that the Clerk's Office docketed his June 2015 motion to dismiss his indictment. *See* 6:04-cr-0067, Dkt. #268 (*pro*

*se* motion to dismiss indictment). His motion to dismiss was filed on June 23, 2015, and denied on December 16, 2016. *See* 6:04-cr-0067, Dkt. #278. Because the record conclusively refuted Dailey's contentions, the United States Magistrate Judge recommended a dismissal.

Dailey has filed timely objections, (Dkt. #12). He maintains that his claim states a claim upon which relief can be granted because the Clerk's Office lied, which can be proven through phone records and mail receipts.

However, the United States Magistrate Judge correctly recommended a dismissal with prejudice. A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex.—San Antonio, May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Bell*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 Fed.App'x 414, 2012 WL 5419531 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

Here, as the Magistrate Judge found, Dailey's *pro se* motion to dismiss his indictment in his criminal case was filed, reviewed, and denied. The Magistrate Judge correctly determined that his claim is conclusively refuted by the record, which renders his claim baseless in fact and is therefore frivolous. Dailey's complaint should be dismissed, with prejudice, as frivolous under 28 U.S.C. § 1915A.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and Dailey's objections are without merit.

Finally, Dailey is hereby warned that the decision dismissing his civil rights claims as frivolous counts as a strike for purposes of § 1915(g). He is a cautioned that once he accumulates **three** strikes, he may not proceed IFP either in any civil action or in any appeal of a civil action which is filed while he is incarcerated or detained in any facility—unless he is under imminent danger of serious physical injury. Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge, (Dkt. #10), is **ADOPTED** as the opinion of the Court. Plaintiff's objections, (Dkt. #12), are overruled. Moreover, it is

**ORDERED** that Plaintiff's civil rights complains is hereby **DISMISSED** with prejudice as frivolous under 28 U.S.C. § 1915A. Finally, it is

**ORDERED** that any and all motions which may be pending in this cause of action are hereby **DENIED**.

So **ORDERED** and **SIGNED November 14, 2018.**

_____
Ron Clark, Senior District Judge